Alex FRANKS *v.* Perri PRITCHETT,
J.K. Kazi, *Husband and Wife*

CA 03-1211                                           197 S.W.3d 5

Court of Appeals of Arkansas
Opinion delivered November 3, 2004

[Rehearing denied December 8, 2004.*]

---

* HART and BAKER, JJ., would grant rehearing.

*Herby Branscum, Jr.*, for appellant.

*B. Richard Allen*, for appellees.

WENDELL L. GRIFFEN, Judge. The sole issue in this case is whether $14,200 that appellant Alex Franks found in the dresser drawer of his hotel room was mislaid. The White County Circuit Court found that the money was mislaid and ordered that the money be returned to appellees J.K. and Seddika Kazi, the hotel owners. We affirm.

Appellant was staying at a Comfort Inn in Searcy, Arkansas, while working on a highway project. He checked into the hotel on Monday, September 10, 2001, and found the money at issue on

Wednesday, September 12, 2001, after he had checked out and had returned to his room to retrieve his laundry. His room had been cleaned but was not yet occupied by another guest. Appellant found the money in plain view in the left part of the left drawer of his dresser. It was wrapped tightly with masking tape, like a brick, with some of the bills showing.

Appellant notified Perri Pritchett, the hotel manager, who notified the police. The police determined that there were two bundles of money separated by denominations and then bundled together. The bundle contained forty-six one-hundred-dollar bills and four-hundred eighty twenty-dollar bills, for a total of $14,200. The officer who took custody of the money testified that the money appeared to be intentionally and meticulously wrapped because all the bills faced the same direction. The City of Searcy held the money in trust, pending the outcome of this case.

Appellant filed an action against the City of Searcy, claiming ownership of the money. The City of Searcy counterclaimed, asserting an interest in the money and asserting that the Kazis and Pritchett should be joined as parties to the suit. The Kazis answered the third-party complaint, but Pritchett did not. The City of Searcy subsequently withdrew its claim.

At the hearing, the circuit court found Pritchett to be in default for any claim to the property. The court observed that the hotel had a history as being a site for drug trafficking, but rejected the possibility that the money was drug-related and should be considered abandoned. The court also commented that not much effort was put into concealing the money; however, the court was convinced that someone knowingly put the money into the drawer. The court ruled that the property was mislaid, as opposed to lost or abandoned, and that the money should be surrendered to the Kazis, to be held in trust until it was retrieved by the owner. In its written order, the court expressly relied upon *Terry v. Lock*, 343 Ark. 452, 27 S.W.3d 202 (2001), and found that the property was neither abandoned nor a treasure trove, and therefore, found that the money was either lost or mislaid. Because the money had been placed in a drawer, as opposed to being found on the floor, the court concluded that the money had been mislaid and forgotten. It further dismissed any claims of appellant, the City of Searcy, and Pritchett. This appeal followed.

The rights of a finder of property depend on how the found property is classified, and the character of the property should be determined by evaluating all the facts and circumstances

present in the particular case. *Id.* The Arkansas Supreme Court uses the classifications of found property that were used at common law: abandoned, lost, mislaid, and treasure trove. *Id.*

■ Property is abandoned when it is thrown away or when its possession is voluntarily forsaken by the owner, in which case it will become the property of the finder. Property is also abandoned when it is involuntarily lost or left without the hope and expectation of again acquiring it. Abandoned property becomes the property of the finder, subject to the superior claim of the owner. *Id.*

■ Lost property is property that the owner has involuntarily parted with through neglect, carelessness, or inadvertence and of whose whereabouts the owner has no knowledge. *Id.* Only if the owner parted with the possession of the property involuntarily and does not know thereafter where to find it, may the property be deemed to be lost property. *Id.* Property will not be considered to have been lost unless the circumstances are such that, considering the place where, and the conditions under which, it is found, there is an inference that it was left there unintentionally. *Id.* The finder of lost property does not acquire absolute ownership, but acquires only such property interest or right as will enable him to keep it against all the world but the rightful owner. *Id.*

■ Mislaid property is property that is intentionally put into a certain place and later forgotten. *Id.* Mislaid property is presumed to have been left in the custody of the owner or occupier of the premises upon which it is found. A finder of mislaid property acquires no ownership rights in it, and, where such property is found upon another's premises, the finder is required to turn it over to the owner of the premises. *Id.* The owner of such premises becomes a gratuitous bailee by operation of law, with a duty to use ordinary care to return it to the owner and is absolutely liable for a misdelivery. The place where money or property is found is an important factor in the determination of the question of whether it was lost or mislaid. *Id.*

■ A treasure trove is money, whose owner is unknown, found concealed in the earth or in a house or other private place, but not lying on the ground. *Id.* To be classified as treasure trove, the money must have been hidden or concealed so long as to indicate that the owner is probably dead or unknown. Title to

treasure trove belongs to the finder, against all the world except the true owner. *Id.*

In *Terry v. Lock, supra,* money was also found in a motel. In that case, the finder, an independent contractor working to remove material in preparation for hotel renovations, found a dust-covered cardboard box near the heating and air supply while removing ceiling tiles. The box contained old currency in varying denominations valued at $38,310. In determining that the property was mislaid, the *Lock* court specifically affirmed the trial court's finding that the money was intentionally placed where it was found for security purposes and to shield it from unwelcome eyes.

Appellant argues that the circuit court erred in reasoning that, simply because the money was placed in a drawer, it was mislaid. He asserts that this reasoning also supports a finding that the property was lost, abandoned, or treasure trove property. Appellant argues that, in contrast to the facts in *Terry v. Lock, supra,* here, there is no reason to believe that the true owner left the money in the drawer of a public motel room for security purposes with the expectation of returning to claim it. Appellees argue that the circuit court properly inferred that the money was placed into the drawer intentionally. They point to the fact that the money was intentionally and meticulously wrapped. They also argue that common sense and logic defy that the owner intended to part with such a large amount of money.

A trial court's determination as to the status of found property will not be reversed unless it is clearly erroneous. *Terry v. Lock, supra.* A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite conviction that a mistake was committed. *Hedger Bros. Cement & Materials v. Stump,* 69 Ark. App. 219, 10 S.W.3d 926 (2000). We affirm on these facts because the fact that the money was found in a drawer supports a finding that it was intentionally placed there rather than being carelessly or inadvertently dropped by an otherwise unsuspecting owner.

From the bench and in its written order, the court noted that if the money had been found on the floor instead of in a drawer, it could have been said to have been lost. The court also stated:

> It appears to me that the only way I can see this is that somebody put the money in the drawer. Again, it did not fall in the drawer. If they put the money in the drawer, they knew they put the money in the drawer. There is insufficient evidence to find that it's

abandoned property. The only conclusion then that I can reach is that it was mislaid property and the court is going to find that it is mislaid property.

Thus, the trial court concluded that, because the money was intentionally placed in the drawer, it had not been abandoned (voluntarily forsaken by the owner) or lost (through neglect, carelessness, or inadvertence).

■ The trial court's reasoning is consistent with the principle that the place where money or property is found is an important factor in determining whether it was lost or mislaid. To reason by analogy, if one leaves a wallet in a drawer, there is no greater reason to believe it was lost rather than intentionally placed there and forgotten. Similarly, here, as the trial court found, the fact that the money was placed in the drawer supports a finding that the property was not abandoned or lost, but was mislaid.

Affirmed.

STROUD, C.J., ROBBINS and VAUGHT, JJ., agree.

HART and BAKER, JJ., dissent.

KAREN R. BAKER, Judge, dissenting. The majority concludes that the $14,200 in cash was mislaid property because it was recovered from a motel room drawer. Following the majority's reasoning, someone meticulously wrapped forty-six one-hundred dollar bills all facing the same direction into one bundle, and meticulously wrapped 480 twenty dollar bills all facing the same direction into another bundle, then wrapped the two bundles into a block the size of a brick using masking tape, intentionally placed the $14,200 block of money into a drawer in a public motel room, planning to later reclaim it, and then somehow forgot where he put it. As the majority notes, "the place where money or property claimed as lost is found is *an* important factor in determining whether it was lost or mislaid." (Emphasis added.) As the supreme court discussed in *Terry*, the character of the property should be determined by evaluating *all* the facts and circumstances present in the particular case. *Terry v. Lock*, 343 Ark. 452, 37 S.W.3d 202 (2001). The majority's failure to properly consider all the facts and circumstances present in this case leads the majority to a nonsensical result.

Likewise, I cannot agree with the majority that leaving a wallet in a drawer is in any way analogous to leaving a $14,200 block of cash in the same drawer. Unless those in the majority

customarily travel with significantly larger amounts of cash in their wallets than I, there is no validity in the comparison. The nature of the property is itself sufficient to refute the notion that it was intentionally placed in the drawer and the forgotten.

This is not to say that I do not sympathize with the trial judge's difficulty in determining the character of the property based on the scant evidence before him. The bundle of money does not fit neatly into any of the categories described in the *Terry* opinion. However, in *Terry* the money was found to be mislaid because it had been intentionally placed above the ceiling tiles of a hotel room, a place where it could be expected to remain undiscovered until the owner could return and retrieve it. This element of secreting the property in a way that suggests the owner anticipated returning to retrieve it is found not only in *Terry* but also in the cases upon which *Terry* relies. *See Benjamin v. Lindner Aviation, Inc.*, 534 N.W.2d 400 (Iowa 1995) (packets of currency recovered after removing the screws from a panel of an airplane wing); *Jackson v. Steinberg*, 200 P.2d 376 (Or. 1948) (currency removed from beneath the paper lining of a hotel room dresser drawer). However, this element is completely lacking in the present case, where there was no effort to conceal the money beyond placing it in a drawer. In contrast to the situation presented in *Terry*, here the owner of the property could be virtually certain that the money would be discovered.

The majority, employing the wallet analogy, concludes that "there is no greater reason to believe that it was lost rather than intentionally placed there and forgotten." While this may be true, it is a very different thing than establishing "by a preponderance of the evidence" that the property was mislaid. When all of the facts and circumstances in this case are considered, they lead logically to only one conclusion; that regardless of whether the money was placed in the motel room drawer intentionally, the true owner has abandoned his interest in it.

I am authorized to state that Judge HART joins in this dissent.